# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Stephanie Wagner

**DEFENDANTS** New Era Relocation LLC, Moving Solutions LLC, Gold Standard Relocation, Mede Karimov a/k/a Medetbek Karimov, Thomas Galczynski, Jennifer Blake, Sammi "Doe", Ryan F "Doe", Relocate US LLC & Margaret Bovard Drayton a/k/a Maggie Drayton

**(b)** County of Residence of First Listed Plaintiff: **Hawaii**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **North Carolina**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Susan Chana Lask
Susan Chana Lask, Esq, 244 Fifth Avenue, #2369
NY, NY 10001 917-300-1958

Attorneys *(If Known)*
Barry N. Gutterman, Esq 26 Hillside Ave, Golden Bridges, NY 10526 914-234-7965 ; Casey & Barnett, 305 B'way, Suite 1202, NY, NY 10007, 212-286-0225

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
*(For Diversity Cases Only)*

Does this action include a motion for temporary restraining order or order to show cause? Yes [ ] No [X]

## IV. NATURE OF SUIT
[X] 470 Racketeer Influenced and Corrupt Organizations

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 USC § 1962(a)-(d)

Brief description of cause:
RICO action against exact interstate movers and agents in companion case of *Spinner v New Era et al* # 20-CV-06288-JS-JMW

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 5,000,000
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
JUDGE: Joanna Seybert, U.S.D.J.
DOCKET NUMBER: # 20-CV-06288-JS-JMW

DATE: 12/22/21
SIGNATURE OF ATTORNEY OF RECORD: /s Susan Chana Lask

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

# CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, <u>Susan Chana Lask, Esq.</u>, counsel for <u>Plaintiff</u>, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☑ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☑ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

unknown

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?   ☐ Yes   ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?   ☑ Yes   ☐ No
  \* see *Spinner v New Era et al* # 20-CV-06288-JS-JMW
b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?   ☑ Yes   ☐ No
  \*\* see *Spinner v New Era et al* # 20-CV-06288-JS-JMW
c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received: _____.

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?   ☐ Yes   ☐ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
☑ Yes   ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
☐ Yes   (If yes, please explain   ☑ No

I certify the accuracy of all information provided above.

**Signature**: _/s Susan Chana Lask_