*Law Offices of*
# SUSAN CHANA LASK

*244 Fifth Avenue, Suite 2369*
*New York, N.Y.  10001*

**(917) 300-1958**                                      www.appellate-brief.com

<u>VIA ECF</u>
January 19, 2022

Honorable Chief Judge Margo K. Brodie
UNITED STATES EASTERN DISTRICT OF NEW YORK

Re:  <u>Wagner v New Era et.al., E.D.N.Y. 21-07092</u>

Dear Honorable Judge Brody:

   I represent the plaintiff Wagner in the above captioned case.  I respectfully request you reassign the case to Judge Seybert and Magistrate Wicks who are handling case #21-cv-07092 for the following reasons.

   Judge Seybert and Magistrate Wicks are handling case #21-cv-07092, entitled *Spinner v New Era et. al* since December, 2020.   *Spinner* involves the exact same defendants, counsel and issues as the *Wagner* case that was assigned to you.   To insure these duplicate cases went before Judge Seybert and Wicks, when I filed this case, *Wagner*, I specified that information on the Civil Cover Sheet, Sections VI and VIII, that Wagner is "RICO action against exact interstate movers and agents in companion case of *Spinner v New Era* et al # 20-CV-06288-JS-JMW" and listed Judge Seybert and Docket number 20-CV-06288 as the related action for assignment there (**attached**).   Unfortunately, that information was missed by the assignment clerk.

   On January 10, 2022, Magistrate Wicks held a status conference with me and Defendants counsel in the *Spinner* case.   I informed them about this case with the same issues and defendants that was assigned to you.   Magistrate Wicks agreed *Wagner* should be transferred to him and Judge Seybert, and requested I contact your court to inform you of the transfer request.

   On January 14, 2022 I contacted your court on that procedural issue, and on January 18, 2022 your clerk politely e-mailed to inform I should file this letter requesting the re-assignment (**attached,** with court e-mail redacted).

   Please reassign the *Wagner* case to Judge Seybert and Magistrate Wicks so they may handle these exact same issues and parties in one proceeding.

   Thank you for your attention in this matter.

                              Very truly yours,
                              **LAW OFFICES OF SUSAN CHANA LASK**

                               /s Susan Chana Lask
                              **SUSAN CHANA LASK**

JS 44 (Rev. 4-29-21)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Stephanie Wagner

**DEFENDANTS**
New Era Relocation LLC, Moving Solutions LLC, Gold Standard Relocation, Mede Karimov a/k/a Medetbek Karimov, Thomas Galczynski, Jennifer Blake, Sammi "Doe", Ryan F "Doe", Relocate US LLC & Margaret Bovard Drayton a/k/a Maggie Drayton

**(b)** County of Residence of First Listed Plaintiff: **Hawaii**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **North Carolina**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Susan Chana Lask
Susan Chana Lask, Esq, 244 Fifth Avenue, #2369
NY, NY 10001  917-300-1958

Attorneys *(If Known)*
Barry N. Gutterman, Esq 26 Hillside Ave, Golden Bridges, NY 10526 914-234-7965 ; Casey & Barnett, 305 B'way, Suite 1202, NY, NY 10007, 212-286-0225

### II. BASIS OF JURISDICTION
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

*Does this action include a motion for temporary restraining order or order to show cause?* Yes [ ]  No [x]

### III. CITIZENSHIP OF PRINCIPAL PARTIES
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- [x] 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

### V. ORIGIN
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 USC § 1962(a)-(d)

Brief description of cause:
RICO action against exact interstate movers and agents in companion case of *Spinner v New Era et al* # 20-CV-06288-JS-JMW

### VII. REQUESTED IN COMPLAINT:
[x] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 5,000,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: Joanna Seybert, U.S.D.J.
DOCKET NUMBER: # 20-CV-06288-JS-JMW

DATE: 12/22/21
SIGNATURE OF ATTORNEY OF RECORD: /s Susan Chana Lask

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

# CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, Susan Chana Lask, Esq., counsel for Plaintiff, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☑ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☑ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

unknown

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?   ☐ Yes   ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?   ☑ Yes   ☐ No
* see *Spinner v New Era et al* # 20-CV-06288-JS-JMW
b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?   ☑ Yes   ☐ No
** see *Spinner v New Era et al* # 20-CV-06288-JS-JMW
c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received: _____.

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?   ☐ Yes   ☐ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts)*.

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes   ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes   (If yes, please explain   ☑ No

I certify the accuracy of all information provided above.

**Signature**: /s Susan Chana Lask

Last Modified: 11/27/2017

Wednesday, January 19, 2022 at 4:14:50 PM Eastern Standard Time

**Subject:** RE: 1-14-22_Wagner v New Era et al #21-cv-07092 Transfer Issue
**Date:** Tuesday, January 18, 2022 at 9:03:54 PM Eastern Standard Time
**From:** Natalie Collins
**To:** Susan Chana Lask

Hi Ms. Lask,
Thank you for your email! I've checked with our courtroom deputy and you should write a letter or motion requiring reassignment and file it on ECF.
Best,
Natalie

**From:** Susan Chana Lask <susaxxxxxxxxxxxx>
**Sent:** Friday, January 14, 2022 4:29 PM
**To:** Natalie Collins <Natalie_xxxxxxxxxxxxx>
**Subject:** 1-14-22_Wagner v New Era et al #21-cv-07092 Transfer Issue

**CAUTION - EXTERNAL:**

Dear Ms. Collins:

Per my quick procedural call to you today, I informed that I and the Defendants counsel in the #21-cv-07092 case that case openings filed before Judge Brodie had a status conference with EDNY's Magistrate Wicks in the case of *Spinner v New Era et al*, 20-CV-06288-JS-JMW, which involves the exact same defendants and issues that Judges' Seybert and Wicks have been handling the past year, except the Wagner case involves a new plaintiff and an additional cause of action.

I informed Mag Wicks that the *Wagner* case ended up in your court despite the Civil Cover sheet (attached) listing the *Spinner* case as the already filed related case.

Mag Wicks agreed Wagner should be transferred to him and Judge Seybert, and requested I contact Chief Judge Brody to have it transferred.

You informed you will help facilitate the transfer and requested I email my contact information in case you have questions, which is the purpose of this email.

Thank you for your time, and please call me any time.

--
**Susan Chana Lask, Esq.**
www.appellate-brief.com
917.300-1958

This e-mail is confidential and intended for a specific recipient.
If received in error, please notify the sender and delete.
**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when